FILED

MAY 15 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| BLACK & DECKER INC. and <br> BLACK & DECKER (U.S.) INC. ) <br> ) <br> Plaintiffs, ) <br> ) Civil Action No. 02 C 4615 <br> v. ) <br> ) Judge James B. Zagel <br> SHANGHAI XING TE HAO ) Magistrate Judge Sidney I. Schenkier <br> INDUSTRIAL CO., LTD., ) <br> S.K. ENTERPRISES, INC. and ) <br> QVC NETWORK, INC., ) <br> ) <br> Defendants. ) | |

DOCKETED
MAY 1 6 2003

## BLACK & DECKER'S RESPONSE TO XING TE HAO'S MOTION TO DISMISS

### I.  INTRODUCTION

Defendant Shanghai Xing Te Hao Industrial Co., Ltd. ("Xing Te Hao") attempts to avoid this Court's jurisdiction primarily by claiming that it has not "sold" the infringing products directly to Illinois customers. However, the patent statute includes both ***offers for sale*** and ***importation*** as distinct acts of patent infringement, 35 U.S.C. § 271(a), and Xing Te Hao has admitted importing the infringing power tools from China to Chicago for use at the August 2001 National Hardware Show at McCormick Place.

In addition, Xing Te Hao displayed the accused power tool at the key trade show in Chicago for the express purpose of generating customer interest and offering the product to the public -- infringing activities which alone establish specific personal jurisdiction over Xing Te Hao. See e.g., 3D Systems, Inc. v. Aarotech Laboratories, Inc., 160 F.3d 1373, 1378 (Fed. Cir. 1998) (reversing dismissal of defendant that had no actual sales in the forum state, holding that jurisdiction arose

35

solely from offers for sale: "Patent infringement results from an offer to sell as well as the sale itself."). There is more.

Although Xing Te Hao manufactures in China, it enters the infringing products into the stream of commerce (through its U.S. distributors) with the full knowledge and intention that they will ultimately be purchased by consumers in Illinois. This too creates specific jurisdiction in Illinois.

Black & Decker submits that it has clearly established a prima facie case of personal jurisdiction based on the admissions contained in Xing Te Hao's brief and publicly available materials. If there is any doubt, however, Black & Decker respectfully requests an opportunity to take very focused jurisdictional discovery, including the deposition of Mr. John Bee to challenge the statements in his carefully worded declaration.

## II.  FEDERAL CIRCUIT LAW CONTROLS

In a patent infringement case, when determining whether jurisdiction over an out-of-state infringer is consistent with due process, Federal Circuit precedent controls. Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995) (applying the "law of the Federal Circuit, rather than that of the regional circuit"); 3D Systems, 160 F.3d at 1377 ("When analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies.").

Black & Decker's evidence must be accepted as true, with all reasonable inferences viewed in its favor, for purposes of this motion. Intermatic, Inc. v. Taymac Corp., 815 F.Supp. 290, 292 (S.D. Ind. 1993). The Federal Circuit has established a three-part test to determine if specific jurisdiction exists:

(1) whether the defendant purposefully directed its activities at residents of the forum,

(2) whether the claim arises out of or relates to those activities, and

(3) whether assertion of personal jurisdiction is reasonable and fair.

Id. at 1378; see also Akro, 45 F.3d at 1545-46. Each prong of the test is easily satisfied here.

### III. THIS COURT HAS SPECIFIC JURISDICTION OVER XING TE HAO

#### A. Xing Te Hao Has Purposefully Directed Its Activities To Residents Of This Forum

As admitted in its motion, Xing Te Hao had a booth at the National Hardware Show *in Chicago* where it introduced a line of power tools (called the "5-in-1" multi-tool product) that directly infringe two patents issued to Black & Decker: U.S. Patent Nos. 6,170,579 and 6,286,611. The trade show in Chicago is obviously attended by an extremely large number of Illinois residents. The Seventh Circuit has already recognized that "the sole purpose of these shows [is] to promote business contacts and provide a place where business relationships [can] be initiated if not fully completed." Scovill Manuf. Co. v. Dateline Electronic Co., 461 F.2d 897, 900 (7th Cir. 1972).

Xing Te Hao suggests that its actions at the National Hardware Show cannot be viewed as transacting business in Illinois, citing Geodetic Services, Inc. v. Metronor, 2000 WL 1027222 (M.D. Fla. 2000). In that case, however, the defendant's products and services were never sold or *distributed* in Florida. Id. at 2. Moreover, that court's holding only addressed whether, under Florida law, the defendant's attendance at a Florida conference provided the necessary showing to establish a general course of business activity in Florida for pecuniary benefit. Id. at *3-4. Under Illinois law, however, the Seventh Circuit has recognized that a "defendant who sends an agent into Illinois *to solicit or to negotiate* a contract is transacting business within the statutory definition."

Scovill, 461 F.2d at 900 (emphasis added). There is little doubt that Xing Te Hao attended Chicago's National Hardware Show to solicit and negotiate business relationships and agreements. Accordingly, this prong is easily satisfied.

### B.   Black & Decker's Patent Infringement Claim Arises Out Of These Activities

Xing Te Hao's motion suggests that it brought its infringing 5-in-1 multi-tool product from China to Chicago simply for "display" at the National Hardware Show -- like a rare piece of artwork -- and that the product was not being "offered for sale" in any way. Nonsense. See Scovill, 461 F.2d at 897.

First, Xing Te Hao's *importation* of the infringing tool for use at the trade show alone is an act of patent infringement giving rise to specific jurisdiction in this Court. 35 U.S.C. § 271(a). Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994) (when act of patent infringement occurs in the judicial district, "[n]o more is usually required to establish specific jurisdiction."); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 n.18 (1985) ("Even a single act can support jurisdiction."). Tellingly, Xing Te Hao does not dispute (and therefore admits) that it has in fact "imported" the infringing product into the United States and into this jurisdiction. See its motion at page 2 -- "Xing Te Hao has not made, used, sold or offered for sale any products in Illinois" -- which curiously omits any reference to importation.

Second, by using the infringing tool at the National Hardware Show to solicit business and "generat[e] interest in a potential infringing product to the commercial detriment of the rightful patentee," Xing Te Hao has made "offers for sale" in this district. 3D Systems, 160 F.3d at 1379. Indeed, Xing Te Hao's entire analysis is flawed because it ignores Congress' 1994 amendment of Section 271 of the patent statute making "offers for sale" a separate act of patent infringement. 3D

Systems, 160 F.3d at 1378 ("The amendment to §271(a) represents a distinct change to the bases for patent infringement, because liability arose previously only as the result of an actual sale."); Rotec Industries, Inc. v. Mitsubishi Corp., 215 F.3d 1246, 1251-52 (Fed. Cir. 2000) (the legislative history "confirms that Congress sought to strengthen the protections afforded under § 271" and "add to the rights of the patent owner" by making an offer to sell a separate act of patent infringement).

In 3D Systems, the Federal Circuit squarely rejected the argument of defendant Aaroflex that jurisdiction was lacking because it had made no infringing sales in the forum state -- the exact argument Xing Te Hao makes here:

> Aaroflex asserts that it has never sold any RP equipment, much less made a sale, in California. However, patent infringement results from an offer to sell as well as the sale itself. It is on this basis that 3D asserts its patent infringement claim.

3D Systems, 160 F.3d at 1378 (reversing district court's dismissal of defendant on personal jurisdiction). Specific jurisdiction existed over Aaroflex in 3D Systems based on its offers to sell the accused product to California residents -- just as jurisdiction exists here based on Xing Te Hao's offers to sell infringing products to customers in this judicial district. This cause of action directly arises from those activities.

### C. The Assertion Of Personal Jurisdiction Is Reasonable And Fair

Under this third prong of the analysis, the burden is on Xing Te Hao "to prove that jurisdiction would be Constitutionally unreasonable." 3D Systems, 160 F.3d at 1379-1380; Akro, 45 F.3d at 1545-46 (defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."). Xing Te Hao has not met that burden here.

The only claim in this case is for patent infringement, which is governed by Federal Circuit law, so there will be no "clash between the fundamental social policies" of this State and another forum. See e.g., Burger King, 471 U.S. at 477-78. Nor can Xing Te Hao claim it is inconvenient or unreasonable to defend itself in this forum when Xing Te Hao has already determined that this is a convenient location to unveil its infringing product at the key trade show in the industry -- the National Hardware Show at McCormick Place in Chicago. Xing Te Hao has not (and cannot) present a "compelling case" that jurisdiction here is Constitutionally unreasonable. See also Klump v. Duffus, 71 F.3d 1368, 1372 (7th Cir. 1995) (quoting Burger King, 471 U.S. at 477-78), cert. denied, 116 S.Ct. 2523 (1996) (a defendant has fair warning of potential lawsuit in forum if it "purposefully avails itself of the privilege of conducting activities within the forum State thereby invoking the benefits and protections of the forum's laws."). Finally, as recognized in 3D Systems, Xing Te Hao's conduct is precisely the type of conduct intended to be foreclosed by § 271(a).

### D. Xing Te Hao's Aggregated Contacts Nationwide Support Jurisdiction

Xing Te Hao's contacts with Illinois are not the only contacts that count with respect to personal jurisdiction. In evaluating Xing Te Hao's "minimum contacts" for jurisdictional purposes in Illinois, its entire dealings with the "stream of commerce" throughout the United States must be considered. Beverly Hills Fan v. Royal Sovereign Corp., 21 F.3d 1558 (Fed. Cir. 1994):

> "[I]f the sale of a product of a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the [defendants] to serve, directly or indirectly, the market for its product ..., it is not unreasonable to subject it to suit." (Citations omitted). And "the forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."

Id. at 1566, quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98 (1980). The Federal Circuit in Beverly Hills Fan concluded that "the exercise of jurisdiction in a case in which an alleged foreign patent infringer's *sole* contact with the forum resulted from indirect shipments through the stream of commerce" comports with the due process clause, where the plaintiff alleged "that defendants purposefully shipped the accused [product] into [the forum state] through an established distribution channel." Beverly Hills Fan, 21 F.3d at 1564-65; see also Viam Corp. v. Iowa Export-Import Trading, 84 F.3d 424 (Fed. Cir. 1996).

*All* sales *and other contacts* throughout the United States must be considered in patent infringement cases:

> [T]he alien's contacts with the entire United States may aggregated for the purpose of determining the propriety of such an exercise regardless of the sufficiency of the contacts with the state in which the district court is located. Cryomedics, Inc v. Spembly, Limited, 397 F. Supp. 287, 188 USPQ 255 (D. Conn. 1975).

Antonious v. Kamata-Ri Co., 204 USPQ 110, 112-13 (D. Md. 1979) (emphasis added). The Federal Circuit noted in Beverly Hills Fan that four of the five remaining appellate decisions discussed therein also found personal jurisdiction on facts similar to this lawsuit. Beverly Hills Fan, 21 F.3d at 1566-67. Discussing Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200 (D.C. Cir. 1981), the Federal Circuit approvingly observed:

> The Australian defendants ... arranged for introduction of their wine into the United States stream of commerce with the expectation (or at least the intention and hope) that their products will be shelved and sold at numerous local outlets in diverse parts of the country. (Citations omitted.) As defendants recognize, therefore, the links between the claims in suit and the Australian defendants' arrangements to develop and serve a market in the United States make the district court here a fair and reasonable forum, within due process constraints, for the action plaintiffs have brought.

Beverly Hills Fan, 21 F.3d at 1567, quoting Kaiser Stuhl at 203. The "stream of commerce" doctrine "has been applied as readily to intellectual property cases as to other cases." SGS-Thomson Microelectronics, Inc. v. International Rectifier Corp., 1994 U.S. App. LEXIS 17418, *9 (Fed. Cir. 1994) (unpublished).

As this Court has found: "A manufacturer may not shield itself from foreign jurisdiction by knowingly shipping to the forum via intermediaries." Worldtronics International, Inc. v. Ever Splendor Enterprise Co., 969 F. Supp. 1136, 1141 (N.D. Ill. 1997) (finding personal jurisdiction based on sales to the forum through intermediaries even though sales were FOB outside the forum state); Viam, 84 F.3d at 430 (foreign company's use of an agent as local distributor sufficient for exercise of personal jurisdiction, even where the agent is not a resident of the forum state).

Here, Xing Te Hao admits that it has shipped a substantial quantity of infringing product into the United States through its distributor in New York, S.K. Enterprises. Xing Te Hao does not identify the names or locations of its other U.S. distributors. These infringing products are then sold to consumers throughout this country, including Illinois, by QVC and other retailers. There can be no question that Xing Te Hao enters the infringing products into the stream of commerce with the full expectation that they will be sold to Illinois consumers, through QVC or otherwise. Tellingly, neither S.K. nor QVC contest jurisdiction.

## IV. BLACK & DECKER IS ENTITLED TO DISCOVERY

The foregoing evidence suffices for denial of Xing Te Hao's motion. But if any doubt remains, Black & Decker is entitled to "a chance to probe further" by taking discovery. Renner v. Lanard Toys Ltd., 33 F.3d 277, 283 (3d Cir. 1994); Central Wesleyan College v. W.R. Grace & Co., 143 F.R.D. 628, 644 (D.S.C. 1992) ("a district court should ordinarily allow discovery on jurisdiction

in order to aid the plaintiff in discharging the burden of establishing the court's jurisdiction" so long as plaintiff's claim is not frivolous); Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (vacating district court's dismissal and remanding for jurisdictional discovery: "[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"; citation omitted). Formal discovery requests are not even necessary. Renner, 33 F.3d at 283.

## V.  CONCLUSION

For the reasons stated, it is respectfully requested that Xing Te Hao's motion be denied. At a minimum, Black & Decker requests that it be allowed an opportunity to take very focused jurisdictional discovery, including the deposition of Mr. John Bee.

BLACK & DECKER INC.
BLACK & DECKER (U.S.) INC.

_____
Raymond P. Niro
Raymond P. Niro, Jr.
Frederick C. Laney
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
(312) 236-0733

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **BLACK & DECKER'S RESPONSE TO XING TE HAO'S MOTION TO DISMISS** was served upon the below-listed counsel of record by **facsimile transmission and first class mail** on the /5th day of May 2003:

Bradley G. Lane
Vineet Gauri
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois 60611
Phone: (312) 321-4200
Fax: (312) 321-4299
**Counsel for Shanghai Xing Te Hao Industrial Co. Ltd.**

Frederick H. Cohen
Salvador K. Karottki
GOLDBERG, KOHN, BELL, BLACK,
ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3700
Chicago, Illinois 60603
Phone: (312) 201-4000
Fax: (312) 332-2196
**Counsel for QVC Network, Inc.**

Charles C. Kinne
Eric T. Krischke
PAULEY PETERSEN KINNE & ERICKSON
2800 West Higgins Road, Suite 365
Hoffman Estates, Illinois 60195
Phone: (847) 490-1400
Fax: (847) 490-1403
**Counsel for S.K. Enterprises, Inc.**

_____
Attorneys for Black & Decker